STATE OF MAINE                                                    SUPERIOR COURT
KENNEBEC, ss                                                     CRIMINAL ACTION
                                                                 DOCKET NO. CR-06-391
                                                                 NM- KEN- /2/2 0> -

STATE OF MAINE
                                                    ORDER ON DEFENDANT'S
v.                                                  MOTION TO SUPPRESS

THOMAS VEILLEUX,

              Defendant

       The defendant seeks to suppress statements made by the defendant after his

arrest and evidence seized as a result of the searches of his vehicle and house. The court

has considered the evidence and counsel's memoranda. For the following reasons, the

motion is granted in part and denied in part.

FACTS

       Augusta Police Officer Christopher Massey and Augusta Police Lieutenant J.

Chris Read observed the defendant drive his vehicle into his driveway and pulled the

cruiser into the driveway behind the vehicle. The parties stipulated that the officers had

probable cause to arrest the defendant for operating after suspension. When the officers

first approached the defendant's truck, the defendant moved things in the car and

tucked something under the seat. The defendant was arrested, briefly searched, and

placed in the front passenger seat of the cruiser. The parties further stipulated that the

defendant was in custody after the arrest, no Miranda warnings were given to the

defendant, and his statements made after his arrest will not be used by the State in its

case-in-chief.

1

Officer Massey explained to the defendant who the officers were, that they had information about possible drug activity at the defendant's residence, and the activity Officer Massey suspected was taking place. Officer Massey noticed that the defendant was extremely nervous and the officer smelled an odor of burning marijuana on the defendant's person.

After the arrest, Lt. Read began a search of the passenger area of the defendant's car and anticipated finding drugs inside. Officer Massey asked the defendant if there was anything in the vehicle that the officers should know about. The defendant replied that the officers would find Valium and Oxycontin. Officer Massey waved to Lt. Read, who was searching the defendant's vehicle and who returned to the cruiser. Officer Massey relayed to Lt. Read the defendant's statements regarding pills in the vehicle. Lt. Read returned to the defendant's vehicle and found and opened a box, which contained pills and $1,000.00 in currency. He also found containers filled with Oxycontin and Diazapam between the seats and a marijuana bowl and a small amount of burned marijuana in a pouch in the driver's side door. Lt. Read would have found these items during his search without the information from the defendant because Lt. Read would have searched the areas in which the items were found. All items were seized.

While the officers and the defendant were outside, the defendant's girlfriend appeared at the door of the house. After she was told the defendant was under arrest, she closed the door. Officer Massey then told the defendant that the officer expected to find more contraband in the house. The defendant stated that marijuana was in the house. Officer Massey removed the defendant's handcuffs and they entered the house. Officer Massey wanted to obtain permission to search the house.

As Officer Massey and the defendant walked through the house, the defendant asked if the officer wanted the defendant to get the marijuana; Officer Massey declined

the offer. The defendant's girlfriend was seated at the kitchen table and his three-year-old daughter was also in the residence. Officer Massey explained that law enforcement had received anonymous calls and e-mails from people living on the defendant's street who stated that many vehicles arrived at the defendant's house, remained for ten minutes, and left. Officer Massey suspected drug trafficking and asked if they would consent to a search of the residence.

Officer Massey explained a consent to search form to the defendant. Because the defendant thought Officer Massey may be trying to trick him, he stated that he would like to call his attorney. Officer Massey responded that if the defendant asked for an attorney, the defendant would be taken to the police station, the residence would be secured with defendant's girlfriend and his daughter inside with police officers, no one would be allowed to enter of leave, and the officers would apply for a search warrant. Officer Massey informed the defendant that there was no guarantee a warrant would be obtained. After three discussions regarding what would occur if the defendant asked for an attorney, the defendant stated that the police had him and signed the consent form. See State's Ex. 1.

The defendant was not concerned about the police finding marijuana in the house. He also did not care if the police searched the house but thought they should get the proper paperwork first. His girlfriend had to go to work and he did not want his daughter in the house with the police. When he signed the consent form, the defendant told the officers that they had what they wanted in his car and he'd sign the form so they would leave.

CONCLUSIONS

The operator was under arrest and in custody in cruiser when the officer asked questions. The required Miranda warnings were not given prior to the officer's

3

interrogation. See State v. Holloway, 2000 ME 172, ¶ 13, 760 A.2d 223, 228. The defendant's statements made after his arrest are suppressed in the State's case-in-chief.

Lt. Read conducted a lawful search incident to arrest of the defendant's vehicle. See Thornton v. United States, 541 U.S. 615, 622-23 (2004); New York v. Belton, 453 U.S. 454, 460 (1981).

Based on the totality of the circumstances, the defendant voluntarily consented to the search of his home. See United States v. Barnett, 989 F.2d 546, 554-55 (1st Cir. 1993).

The entry is

> The Defendant's Motion to Suppress is DENIED regarding evidence obtained as a result of the search of the defendant's vehicle and house and GRANTED regarding statements made by the defendant after his arrest

Date: January 12, 2007

Nancy Mills
Justice, Superior Court

4

STATE OF MAINE                              SUPERIOR COURT
    vs                                      KENNEBEC, ss.
THOMAS VEILLEUX                             Docket No  AUGSC-CR-2006-00391
159 BOWMAN STREET
FARMINGDALE ME 04344                        **DOCKET RECORD**

DOB: 08/13/1980
Attorney: C SPURLING                 State's Attorney: EVERT FOWLE
         SPURLING LAW OFFICES
         TWO CHURCH ST
         GARDINER ME 04345
         RETAINED 04/11/2006

## Charge(s)

1   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     03/28/2006 AUGUSTA
Seq 8541   17-A  1103(1-A)(A)        Class B


2   UNLAWFUL POSSESSION OF OXYCODONE            03/28/2006 AUGUSTA
Seq 11123 17-A  1107-A(1)(B)(4)      Class C


3   UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS     03/28/2006 AUGUSTA
Seq 10981 17-A  1103(1-A)(G)         Class D


4   UNLAWFUL FURNISHING SCHEDULED DRUG          03/28/2006 AUGUSTA
Seq 8563   17-A  1106(1-A)(C)        Class D


5   OPERATING WHILE LICENSE SUSPENDED OR        03/28/2006 AUGUSTA
    REVOKED
Seq 9888   29-A  2412-A(1-A)(A)      Class E   Charged with INDICTMENT on Supplem


## Docket Events:

03/29/2006 FILING DOCUMENT -  CASH BAIL BOND FILED ON 03/29/2006

03/29/2006 Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 05/09/2006 @ 8:00

           NOTICE TO PARTIES/COUNSEL
03/29/2006 BAIL BOND - $250.00 CASH BAIL BOND FILED ON 03/29/2006

           Bail Receipt Type: CR
           Bail Amt: $250
                                    Receipt Type: CK
           Date Bailed: 03/28/2006  Prvdr Name: THOMAS  VEILLEUX
                                    Rtrn Name: THOMAS  VEILLEUX

04/12/2006 Party(s): THOMAS VEILLEUX
           ATTORNEY -  RETAINED ENTERED ON 04/11/2006

                        Page  1  of  3                    Printed on: 01/12/2007

Attorney: C SPURLING
05/03/2006 Charge(s): 1
SUPPLEMENTAL FILING - COMPLAINT FILED ON 05/01/2006

05/04/2006 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 05/02/2006

05/09/2006 Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 05/09/2006
S KIRK STUDSTRUP , JUSTICE
Attorney: C SPURLING
Reporter: TAMMY DROUIN
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
05/09/2006 Charge(s): 1,2,3,4
PLEA - NO ANSWER ENTERED BY DEFENDANT ON 05/09/2006

05/09/2006 HEARING - STATUS CONFERENCE SCHEDULED FOR 07/25/2006 @ 8:00

05/09/2006 HEARING - STATUS CONFERENCE NOTICE SENT ON 05/09/2006

06/30/2006 HEARING - STATUS CONFERENCE NOT HELD ON 06/30/2006

06/30/2006 Charge(s): 1,2,3,4,5
SUPPLEMENTAL FILING - INDICTMENT FILED ON 06/29/2006

06/30/2006 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT SCHEDULED FOR 07/17/2006 @ 8:30

06/30/2006 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT NOTICE SENT ON 06/30/2006

07/17/2006 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT HELD ON 07/17/2006 @ 8:30
NANCY MILLS , JUSTICE
Attorney: C SPURLING
Reporter: LAURIE GOULD
Defendant Present in Court

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
07/17/2006 Charge(s): 1,2,3,4,5
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 07/17/2006

07/17/2006 BAIL BOND - $250.00 CASH BAIL BOND CONTINUED AS POSTED ON 07/17/2006

10/17/2006 HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 11/08/2006 @ 8:00

NOTICE TO PARTIES/COUNSEL
10/17/2006 TRIAL - DOCKET CALL SCHEDULED FOR 12/04/2006 @ 2:15

11/09/2006 HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 11/08/2006

11/17/2006 OTHER FILING - MEMORANDUM OF LAW FILED ON 11/17/2006

11/21/2006 OTHER FILING - MEMORANDUM OF LAW FILED ON 11/21/2006

            FILED BY DEFENSE
01/03/2007 TRIAL - DOCKET CALL HELD ON 12/04/2006

01/03/2007 TRIAL - DOCKET CALL SCHEDULED FOR 03/06/2007 @ 8:00

01/12/2007 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 01/12/2007

            COPY TO PARTIES/COUNSEL                                          DENIED
            REGARDING EVIDENCE OBTAINED AS RESULT OF THE SEARCH OF THE DEFENDANT'S VEHICLE AND HOUSE
01/12/2007 MOTION - MOTION TO SUPPRESS EVIDENCE GRANTED ON 01/12/2007

            COPY TO PARTIES/COUNSEL                                          GRANTED
            REGARDING STATEMENTS MADE BY THE DEFENDANT AFTER HIS ARREST

A TRUE COPY
ATTEST:    _____
                     Clerk